NO. 07-10-0019-CR

NO. 07-10-0020-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

MAY 11, 2011

 

______________________________

 

 

SERENA ROJAS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM CRIMINAL DISTRICT COURT TWO OF TARRANT COUNTY;

 

NOS. 1121706D & 1121491D; HONORABLE WAYNE SALVANT,
JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Pursuant to
open pleas of guilty, Appellant, Serena Rojas, was convicted of burglary of a
habitation in cause number 1121706D[1]
and aggravated assault with an affirmative finding on use of a firearm in cause
number 1121491D.[2]  Punishments were imposed at twenty years and
twenty-five years confinement, respectively.[3]  The sentences were ordered to be served
concurrently.  In presenting this appeal,
counsel has filed an Anders[4]
brief in support of a motion to withdraw. 
We grant counsel=s motion and affirm.

In support of his motion to
withdraw, counsel certifies he has conducted a conscientious examination of the
record and, in his opinion, the record reflects no potentially plausible basis
to support an appeal.  Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In
re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied
with the requirements of Anders and In re Schulman by (1)
providing a copy of the brief to Appellant, (2) notifying her of the right to
file a pro se response if she desired to do so, and (3) informing her of the
right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[5]  By letter, this Court granted Appellant
thirty days in which to exercise her right to file a response to counsel=s brief,
should she be so inclined.  Id. at 409 n.23. 
Appellant did not file a response.  Neither did the State favor us with a brief.

The facts flowing from a guilty
plea are minimal.  According to evidence
presented at the sentencing hearing, Appellant, a drug addict, had been in
trouble since she was very young.  While
on trial for the underlying offenses, she was on probation for burglary.[6]  She and her younger brother, with whom she
shared a very close relationship, committed offenses together to obtain money
to support her drug habit.  

During closing argument, the State
argued that rehabilitation was not possible and observed escalation in the
seriousness of the offenses committed by Appellant.  The State urged the trial court to impose a
minimum sentence of forty years confinement. 
Defense counsel argued for another chance for Appellant and the benefit
of SAFP to overcome her drug habit.  The
trial court noted that Appellant had proven she could not complete probation
and imposed sentences of twenty and twenty-five years on the charged offenses. 

Appellate counsel raises two
arguable issues, to-wit: the trial court erred by (1) imposing a sentence
exceeding the plea bargain offer of twenty years and (2) imposing cruel and
unusual punishment.  Counsel then analyzes
the issues and concedes no reversible error is presented.  

We have independently examined the
entire record to determine whether there are any non-frivolous issues which
might support the appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re
Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991).  We have
found no such issues.  See Gainous v. State, 436 S.W.2d 137
(Tex.Crim.App. 1969).  After reviewing
the record and counsel=s brief, we agree with counsel that
there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

Accordingly, counsel's motion to
withdraw is granted and the trial court=s judgments
are affirmed. 

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 

 

 











[1]
Tex. Penal Code Ann. § 30.02(a) (West Supp. 2010).

 





[2]
Tex. Penal Code Ann. § 22.02(a)(2) (West 2003).





[3]Originally
appealed to the Second Court of Appeals, this appeal was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  Tex. Gov=t
Code Ann. ' 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Second Court of Appeals and that of this Court on any relevant
issue.  Tex. R. App. P. 41.3.

 





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]Notwithstanding that Appellant was informed of her
right to file a pro se petition for discretionary review upon execution of the Trial
Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of her right to file a pro se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.





[6]At
the sentencing hearing, Appellant's probation was revoked and she was adjudicated
guilty of the burglary offense in cause number 1058663D.  That cause, however, is not on appeal before
this Court.